FILED
11/1/2024
Clerk, U.S. District Court
District of Montana
Billings Division

Robert Farris-Olsen
MORRISON SHERWOOD WILSON DEOLA PLLP
401 N. Last Chance Gulch
Helena, MT 59601
Telephone: (406) 442-3261
Fax: (406) 443-7294
Email: rfolsen@mswdlaw.com

*Attorney for Plaintiff*

# IN THE UNITED STATE DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| BLAKELEY ADKINS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KEYBANK, N.A.,<br><br>　　　　Defendants. | Cause No.: CV-24-159-BLG-TJC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Comes now, Plaintiff Blakeley Adkins., and for her complaint against Key Bank, N.A., states and alleges:

## PARTIES

1. Plaintiff Blakeley Adkins is a resident of Livingston, Park County, Montana.

2. KeyBank, N.A., is a nationally chartered banking association that provides debit card services. At all relevant times, KeyBank was doing business in Montana, including in Park County, Montana.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. Jurisdiction is further appropriate under 15 U.S.C. § 1693. EFTA. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in the Billings Division pursuant to Local Rule 3.2 and § 25-2-124, MCA.

## FACTS

5. Adkins is a resident of Livingston, Park County, Montana, and at all relevant times hereto, had a credit card issued by KeyBank.

6. On or about June 11, 2024, Ms. Adkins observed several fraudulent transactions from her bank account. They had been made using her debit card ending in 1255.

7. The transactions occurred between June 7 and June 10, 2024, and included fraudulent charges to JetBlue, Allianz Travel Insurance and UPS. The total fraudulent amount was approximately $13,431 that had been debited against her account in four days.

8. Upon seeing the transactions, Ms. Adkins immediately called KeyBank and disputed the transactions. The original oral dispute was made on June 11, 2024 – the exact day that a number of fraudulent transactions had occurred.

9. In response to the dispute, on or about June 18, 2024, KeyBank issued a permanent credit of $57.00 and denied the dispute regarding the remaining transactions – or roughly $13,375 in disputed items.

10. KeyBank acknowledged, via a letter, the dispute on June 11, 2024. The letter notified Ms. Adkins that she had disputed $8,457.69 worth of transactions. It was less than the $13,375 because some had not posted to her account yet. For each disputed debt, it provided the date of the transaction, a description of the transaction, an amount, and the disputed amount. For example, it included the following four disputed transactions:

| Date | Description | Amount | Disputed Amount |
| --- | --- | --- | --- |
| 06/10/2024 | ALLIANZ TRAVEL INS | $30.88 | $30.88 |
| 06/10/2024 | ALLIANZ TRAVEL INS | $32.35 | $32.35 |
| 06/10/2024 | ALLIANZ TRAVEL INS | $29.91 | $29.91 |
| 06/10/2024 | ALLIANZ TRAVEL INS | $19.25 | $19.25 |

11. In denying the disputes, KeyBank sent Ms. Adkins a response dated June 18, 2024, which identified each of the disputed and fraudulent transactions and the date of the transactions. For example, it identified seven transactions with JetBlue and provided the date of the transaction as being June 11, 2024, with charges ranging between $340 and $710.

12. The dispute was denied because, according to KeyBank, it had not been notified within sixty days of the statement date on which the first unauthorized transactions appeared. It went on to explain that "credit will not be provided for

transfers in your claim that occurred after the 61st day from your periodic statement date through the date" Ms. Adkins notified KeyBank. This denial was clearly incorrect as the majority of the charges that she disputed first appeared at the latest, June 7, 2024.

13. The denial identified each transaction that was disputed by date of transaction, description, amount, and disputed amount. For example, the first four denied disputes were shown as:

Dear BLAKELEY,

We have reviewed the following items you submitted on 06/11/2024 on your card ending in 1255. Unfortunately we are unable to process this claim. This affects the following transactions:

| Date | Description | Amount | Disputed Amount |
| --- | --- | --- | --- |
| 06/11/2024 | JETBLUE 2792155462797 | $346.71 | $346.71 |
| 06/11/2024 | JETBLUE 2792155476063 | $543.80 | $543.80 |
| 06/11/2024 | JETBLUE 2792155450349 | $648.27 | $648.27 |
| 06/11/2024 | JETBLUE 2792155478133 | $588.20 | $588.20 |

14. The only disputed transactions from more than 60 days before the dispute were four $19.00 transactions with Freeshipping.com

15. Simultaneous with the denial, KeyBank issued the $57.00 refund. The $57.00 refund was based on fraudulent transactions occurring in August and September 2023 – or more than 60 days after the transactions.

16. Then, on or about June 21, 2024, Ms. Adkins requested the dispute be reopened with respect to any that were denied on June 18, 2024. Those included a few

charges that were from late 2023, but the bulk of the disputed charges were dated June 7 to June 12, 2024.

17. Then, on June 24, 2024, KeyBank determined the transactions were "authorized" because they found "conflicting information" from its review of her card information and recent banking activity. The denial did not provide any information or explanation of what the "conflicting information" consisted of.

18. Ms. Adkins then reopened the dispute again, on July 1, 2024. KeyBank acknowledged receipt of the dispute the same day, and they provided written notification to Ms. Adkins. The notification of dispute again showed the dates of the disputes, which were all dated between June 7, 2024, and June 12, 2024 -or less than 60 days before the dispute. And it included a few additional disputed transactions with the same alleged creditors.

19. It took over a month for KeyBank to respond to the July 1, 2024, reopened dispute. On or about August 19, 2024, KeyBank denied the dispute. In its denial, KeyBank again claimed the disputes were more than 60 days past the date of the transactions. It also included a spreadsheet showing the disputed transactions and their dates. The vast majority of which were in June 2024.

20. Surprisingly, the August 19, 2024, denial included transactions that were not in the July 1, 2024, notification of receipt of the dispute. The "new" transactions included several from the fall of 2023.

21. As a result of these fraudulent transactions, and KeyBank's negligent investigation, Ms. Adkins has been significantly harmed. KeyBank has charged her line of credit – which serves as overdraft protection – thousands of dollars.

22. Her line of credit was first charged on June 10, 2024 – due to the initial fraudulent transactions – in the amount of $4,125.88, with a $2.30 interest charge. On June 11, 2024, she was charged another $4,380.99, and on June 12, 2024, another $527.80 was charged to her line of credit. And the account continues to accrue interest. On July 9, 2024, she was charged $146.19 in interest, and on August 8, 2024, she was charged $150.24 in interest. The interest continues to accrue as a result of KeyBank's mishandling of the dispute. To date, the outstanding balance is $15,237.31.

23. KeyBank is also automatically deducting funds from Ms. Adkins' related account to pay down the balance on the line of credit, and it is charging a monthly late fee of $25.00.

24. Beyond the thousands Ms. Adkins allegedly owes, her damages include emotional distress, loss of quality of life and lost time. Over the course of the summer and fall, Ms. Adkins spent roughly five hours a week (95 total) trying to resolve the fraudulent transaction issues.

## COUNT I – ELECTRONIC FUNDS TRANSFER ACT

25. The preceding paragraphs are realleged as though stated in full herein.

26. Ms. Adkins is "consumer" as that term is defined in the EFTA as she is a natural

person.

27. KeyBank is a "financial institution" under 15 U.S.C. § 1693a(9) as it is a nationally chartered bank.

28. KeyBank violated the EFTA by failing to reimburse Ms. Adkins for unauthorized electronic funds transfers to various entities, including but not limited to JetBlue, Allianz Travel Ins, and UPS.

29. KeyBank further violated the EFTA by failing to investigate the errors regarding the unauthorized transactions in good faith and failing to recredit the accounts.

30. As a result of KeyBank's violations of the EFTA, Ms. Adkins was injured. Those injuries included, but are not limited to: unauthorized transfers not recredited, emotional distress, mental anguish and loss of quality of life, and lost time.

31. Ms. Adkins is also entitled to statutory damages of not less than $100 or more than $1,000, treble damages for willful violations concerning error resolutions, and attorney fees and costs.

## COUNT II – MONTANA CONSUMER PROTECTION ACT

32. The preceding paragraphs are realleged as though set forth in full hereunder.

33. Ms. Adkins is a "consumer" under the Montana Consumer Protection Act (MCPA).

34. KeyBank is engaged in a "trade or commerce", including by being a financial institution with financial accounts owned by Ms. Adkins.

35. KeyBank engaged in unfair and/or deceptive acts or practices in violation of § 30-14-103, MCA.

36. Those unfair and/or deceptive acts or practices include:

    a.    By failing to reimburse Ms. Adkins for unauthorized electronic funds transfers to various entities, including but not limited to, JetBlue, Allianz Travel Ins., and UPS.

    b.    By failing to investigate the errors regarding the unauthorized transactions in good faith, and failing to recredit the accounts.

    c.    Violating the EFTA.

    d.    Violating the Montana Electronic Funds Transfer Act as described in Count III, below.

    e.    Representing that the disputes were denied because they were made more than 60 days after the disputed transaction posted.

37. As a result of KeyBank's actions, Ms. Adkins suffered an ascertainable loss of money or property, in that she paid more than $8,000 in fraudulent charges.

38. Ms. Adkins was damaged by these charges.

39. KeyBank is, therefore, liable for violating the MCPA, and Ms. Adkins is entitled to recover her actual damages, including emotional distress, treble damages and attorney fees.

### COUNT III – MONTANA ELECTRONIC FUNDS TRANSFER ACT/NEGLIGENCE PER SE

40. The preceding paragraphs are realleged as though set forth in full hereunder.

41. Ms. Adkins is a customer as defined under the Montana Electronic Funds Transfer Act (Montana EFTA) because she held an account at KeyBank.

42. KeyBank is a "financial institution" as it is a nationally-chartered bank.

43. The Montana EFTA was enacted to protect customers, like Ms. Adkins, from unauthorized electronic funds transfers. To that end, a financial institution is vested

with a responsibility to investigate disputed transactions if received within 60 days of electronic funds transfer. Upon investigating, the financial institution must either credit the customer's account or provide an explanation of its determination. If an error is confirmed, the customer is liable for up to $50.

44. KeyBank violated the Montana EFTA by failing to reasonably investigate the disputed transactions and by failing to reimburse Ms. Adkins for the fraudulent transactions.

45. As a result of KeyBank's failures, Ms. Adkins has been harmed.

46. KeyBank is, therefore, liable for violating the Montana EFTA and/or negligence per se.

## JURY DEMAND

Pursuant to Rule 38, F. R. Civ. P., Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff Ms. Adkins prays judgment against KeyBank as follows:

1. For her actual and statutory damages;
2. For treble damages
3. For punitive damages;
4. For her costs and attorney's fees; and,
5. For all other general damages, including mental and physical pain and suffering and emotional distress;
6. For any other relief this Court deems just and proper.

Dated this ___1st_____ day of November, 2024.

      MORRISON SHERWOOD WILSON DEOLA PLLP

    BY:___/s/Robert Farris-Olsen_____
      Robert Farris-Olsen
      *Attorney for Plaintiff*